IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN DERRY FOLLSTAD-MARTIN,

    Plaintiff,

v.

NAPHCARE at WASHINGTON COUNTY JAIL,

    Defendants.

Case No. 3:19-cv-00403-YY

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO DISMISS

SIMON, Judge.

Plaintiff, a former inmate of the Washington County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1). However, for the reasons set forth below, the Court DISMISSES Plaintiff's Complaint.

### BACKGROUND

In the caption of his Complaint, Plaintiff names one Defendant, "Naphcare at Washington County Jail." At page 3 of the Complaint, however, Plaintiff identifies Nurse Ericka and Medical Coordinator Ryan, both "at Naphcare Washington County Jail." Plaintiff alleges denial of medical care in violation of the Eighth Amendment, and retaliation in violation of the First Amendment.

1 - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO DISMISS

Plaintiff alleges that on the morning of January 26, 2019, a nurse at the Jail gave Plaintiff an incorrect medication. Plaintiff alleges that he suffered side effects of anxiety, racing heart, and delusions throughout the day, and that when he sought a medical examination at the end of the day, the nurse refused. Plaintiff alleges the following morning he received his correct medication, and that when he asked what he had received the prior day the same nurse dismissed his concerns.

Plaintiff alleges that he filed a grievance with the medical coordinator, and that after he did so Naphcare staff members retaliated against him by thereafter singling him out and asking him to properly identify himself before dispensing medications to him.

By way of remedy, Plaintiff seeks money damages. The Court notes that Plaintiff did not sign his Complaint.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the

complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, the title of Plaintiff's Complaint does not name all of the Defendants listed at page 3 of the Complaint.

Pursuant to Rule 11(a), every pleading "must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*

### II. Substantive Deficiencies

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).

As noted, Plaintiff alleges denial of medical care. However, not every claim by a prisoner relating to inadequate medical treatment states a constitutional violation. To state a § 1983 medical claim, a prisoner plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response

3 - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO DISMISS

was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be manifested in two ways: either when prison officials deny, delay, or intentionally interfere with medical treatment, or by the way that prison physicians provide medical care. *Estelle*, 429 U.S. at 104-05. In either case, the indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Id.* at 105-06. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that a nurse gave him the wrong medication on one occasion and failed to tell him what medication he did receive does not rise to the level of an Eighth Amendment violation. *See Daniels v. Neven*, Case No. 2:09-cv-01906-RLH-RJJ, 2010 WL 3385366, at *4 (D. Nev. Aug. 23, 2010) (allegations that officers allegedly gave plaintiff the wrong medication on one occasion and did not provide him informational pamphlets about his medications did not satisfy Eighth Amendment standards). Accordingly, Plaintiff fails to state a claim of denial of medical care upon which relief may be granted under § 1983.

To the extent Plaintiff alleges that defendants retaliated against him, the five basic elements of a "viable claim of First Amendment retaliation" in the prison context are: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408

4 - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO DISMISS

F.3d 559, 567-68 (9th Cir. 2005). A plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). However, the plaintiff does have the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Mere allegations of retaliatory motive or conduct will not suffice; a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights. *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

Here, Plaintiff does not allege facts establishing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' alleged retaliatory conduct. Moreover, the action complained of, *i.e.*, asking Plaintiff to show identification to ensure he received the proper medication, reasonably advances a legitimate correctional goal. Accordingly, Plaintiff does not state a First Amendment retaliation claim upon which relief may be granted.

## CONCLUSION

The Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1). However, based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 28th day of May, 2019.

Michael H. Simon
United States District Judge

5 - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO DISMISS